IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ENRIQUE MIRA MIRELES,<br><br>    Plaintiff,<br><br>v.<br><br>VOODOO INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Enrique Mira Mireles ("Plaintiff" or "Mira), by and through undersigned counsel, and files this Complaint against Defendant VooDoo, Inc., Genki Restaurant ("VooDoo" or "Defendant") and shows the following:

## I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## III. Parties and Facts

4.

Plaintiff is a resident of the State of Georgia.

5.

Defendant VooDoo is a Georgia Corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district. Defendant may be served upon the Registered Agent, Sheldon Friedman, 5555 Glenridge Connector NE, Suite 925, Atlanta, GA 30342.

6.

Defendant VooDoo owns and operates restaurants and a food truck in the metropolitan Atlanta, Georgia area, including Genki Restaurant.

7.

From June 1, 1996 to October 2, 2016, Plaintiff has been employed as a cook by Defendant.

8.

His duties included preparing food at Defendant's sushi restaurant.

9.

Plaintiff did not have the authority to hire or fire employees.

10.

Planitiff did not create the work schedule for employees.

11.

Since Plaintiff began his employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40.

12.

From June 1996 to October 2016, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

13.

From June 1996 to October 2016, Plaintiff was paid on a salary basis and not paid overtime compensation for hours he worked in excess of 40 hours in given workweeks.

14.

Defendant is governed by and subject to the FLSA, 29 U.S.C. § 204 and § 207.

15.

Within the last two years, Plaintiff has worked at Defendant's restaurants.

16.

Throughout his employment with Defendant, Plaintiff regularly worked 55-60 hours per workweek, and was not paid for overtime hours he worked.

17.

In all instances in which Defendant failed to pay Plaintiff for overtime hours he worked at the restaurants, Defendant had full knowledge that Plaintiff worked the hours he was not paid for. Plaintiff was assigned work schedules by Defendant's management that consisted of 55-60 hours each week, and was intentionally paid for substantially fewer hours each week.

18.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

19.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for all hours worked over (40) in such weeks.

20.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

21.

During Plaintiff's tenure with Defendant, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

22.

During the last three years, Defendant maintained a policy of misclassifying Plaintiff.

23.

Other employees tracked time by clocking in.

24.

Throughout his tenure with Defendant, Plaintiff's job duties and the performance thereof, along with his hours worked were controlled by Defendant.

25.

The manual labor involved in Plaintiff's daily work did not require specialized skill.

26.

Throughout his employment with Defendant, Plaintiff regularly worked substantially in excess of 40 hours each week and he was entirely economically dependent on Defendant.

27.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

28.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

## **COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA")**

29.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

30.

Defendant violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

31.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

32.

Defendants suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

33.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

34.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

35.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

36.

Plaintiff was subject to the same unlawful policy of Defendant, i.e. Defendant misclassifying Plaintiff and failing to pay him overtime compensation calculated at one and one-half times their regular rate for hours worked in excess of (40) in given workweeks.

37.

Defendant's violations of the FLSA were willful and in bad faith.

38.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Grant Plaintiff leave to add additional claims or Parties if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 1st day of November, 2016.

**BARRETT & FARAHANY**

/s/ TK Smith_____
Tequiero M. "TK" Smith
Georgia Bar No. 199325
Attorney for Plaintiff Enrique Mira Mireles

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
tksmith@justiceatwork.com