## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is made and entered into by and between Voodoo, Inc. ("Voodoo") and Enrique Mira Mireles ("Plaintiff").

### W I T N E S S E T H:

WHEREAS, Plaintiff is a former employee of Voodoo; and

WHEREAS, Plaintiff filed a lawsuit against Voodoo in the United States District Court for the Northern District of Georgia, styled *Enrique Mira Mireles v. Voodoo, Inc. d/b/a Genki Restaurant*, Civil Action Case No. 1:16-cv-4090-ELR (the "Lawsuit"), alleging *inter alia*, violations of the Federal wage and hour laws; and

WHEREAS, Plaintiff has been represented in the Lawsuit by Tequiero M. "TK" Smith of the Barrett & Farahany Law Firm; and

WHEREAS, Voodoo denies all of Plaintiff's claims; and

WHEREAS, Plaintiff and Voodoo desire to settle fully and finally all disputes between them, including but in no way limited to those disputes that were the subject of the Lawsuit, as well as any other claims that could have been asserted by Plaintiff against Voodoo;

NOW, THEREFORE, in consideration of the special monetary consideration and mutual promises stated in this document, it is agreed as follows:

1. This Agreement is in compromise of disputed claims and shall not be construed as an admission by Voodoo or by any of Voodoo's current or former officers, employees, or agents, of a violation of any federal, state, or local statute, regulation or other law, or of a violation of any right of Plaintiff or of any other person; and Voodoo specifically disclaims any liability to Plaintiff.

2. Voodoo agrees that within thirty (30) days after the Effective Date as that

term is defined in Paragraph 15, Voodoo will deliver to Plaintiff's attorney, Tequiero M. "TK" Smith, payment to Plaintiff and his counsel in the sum of $15,000 ("Settlement Payment"), less any applicable taxes and withholdings. The Settlement Payment shall be made as follows:

(a) A check payable to Plaintiff in the gross amount $8,600.00 for overtime claims, less any applicable taxes and withholdings, for which Voodoo will issue a W-2 Form to Plaintiff; and

(b) A check payable to Barrett & Farahany in the amount of $6,400.00 for attorneys' fees and expenses claims incurred on behalf of Plaintiff, for which Voodoo will issue a 1099 Form to Barrett & Farahany and to Plaintiff.

The Settlement Payment is in full satisfaction of all claims of Plaintiff, asserted or unasserted, against Voodoo or any of the Released Parties as that term is defined in Paragraph 5 of this Agreement.

3. If Defendants fail to make the payment described in Paragraph 2, including if the settlement check is properly dishonored and substitute compensation is not promptly paid, Plaintiff may reopen, reinstate or refile the Lawsuit, and shall not be limited to collection of the amount of the settlement check in any such action, or at his option may seek payment of the settlement amount.

4. Plaintiff agrees to dismiss with prejudice, and promptly to sign all documents necessary to achieve the approval of this settlement and the dismissal with prejudice of this Lawsuit. In particular, Plaintiff and his counsel agree to join with Voodoo and its counsel in a stipulation or joint motion to the Court to approve this settlement and to enter an Order of Dismissal with Prejudice of the Lawsuit. Plaintiff and his attorney agree that there shall be no

award of or entitlement to any attorneys' fees and costs beyond the payment described in Paragraph 2(b) above.

        5.     Except for any claims Plaintiff may have for workers' compensation benefits, vested pension benefits, or health care, disability, or other similar welfare benefits to which he may otherwise be entitled (which are not released by this Agreement) and in consideration for the benefits provided to Plaintiff herein, Plaintiff irrevocably and unconditionally releases and forever discharges Voodoo, and any of Voodoo's parent, affiliated, subsidiary, related, or successor corporations, their benefit plans and programs, and all of their present and former agents, directors, officers, employees, owners, representatives, insurers, reinsurers, administrators, trustees, board members, and attorneys (hereinafter jointly and severally referred to as the "Released Parties"), or any of them, to the full extent permitted by law, from any and all losses, expenses, liabilities, claims, rights and entitlements of every kind and description (collectively referred to as "Claims"), whether known or unknown, that he has now or may later claim to have had against any of the Released Parties arising out of anything that has occurred up through the date he signs this Agreement, including, without limitation, any Claims arising out of Plaintiff's employment or separation from employment with Voodoo.  This release includes, but is not limited to, any Claims that have been asserted or could have been asserted for back pay, reinstatement, personal injuries, breach of contract (express or implied), breach of any covenant of good faith and fair dealing (express or implied), defamation, or for recovery of any losses or other damages (including allegedly unpaid reimbursements) to Plaintiff or his property based on any alleged violation of Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; any other federal, state, or local law or regulation regarding minimum wages, maximum hours, overtime, or overtime premium pay; 42 U.S.C. § 1981 (prohibiting racial discrimination in

contracting); Title VII (prohibiting discrimination on account of race, sex, color, national origin or religion); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (prohibiting discrimination on account of age); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (prohibiting discrimination on account of disabilities); the Genetic Information Nondiscrimination Act, 29 U.S.C. § 216 *et seq.*; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*; the Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. §§ 34-6A-1 to 34-6A-6 (prohibiting discrimination on account of disability); the Georgia Sex Discrimination in Employment Act, O.C.G.A. §§ 34-5-1 to 34-5-7; or any other federal, state, or local statutory or common law. The parties intend that the disputes released herein shall be construed as broadly as possible. This Agreement does not release claims that may arise after the date Plaintiff signs below.

      6.     Plaintiff agrees that, except to the extent such right may not be waived by law, he will not commence any legal action or lawsuit or otherwise assert any legal claim seeking relief for any Claim released or waived under the Release of Claims provision in Paragraph 5, above. This "agreement not to sue" does not, however, prevent or prohibit Plaintiff from seeking a judicial determination of the validity of his release of claims under the Age Discrimination in Employment Act. In addition, this "agreement not to sue" does not prevent or prohibit Plaintiff from filing any administrative complaint or charge against the Released Parties (or any of them) with any federal, state, or local agency, including, for instance, the U.S. Equal Employment Opportunity Commission or the U.S. Department of Labor, but Plaintiff understands that by signing this Agreement, he will have no right to recover monetary damages or obtain individual relief of any kind in such proceeding.

7.  Plaintiff expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all Claims that he does not know or suspect to exist in his favor at the time he signs this Agreement, and that this Agreement contemplates the extinguishment of any such Claim or Claims.  Thus, in order to effectuate a full and complete release and discharge of the Released Parties, he expressly waives and relinquishes all rights and benefits which he may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to Claims known or suspected prior to the date he signs this Agreement and does so understanding and acknowledging the significance and consequences of such specific waiver.

8.  All parties agree to join in the motion for the Court to approve and they will not oppose any aspect of the settlement described in this Agreement.

9.  Plaintiff agrees that, except as necessary to obtain Court approval of this settlement, as required by law or as authorized in writing by Voodoo, he has not and will not disclose any information concerning this settlement or the Agreement to anyone other than his immediate family and legal representatives and tax advisors, who must, prior to such disclosure, be informed by him of, and agree to be bound by, this confidentiality clause.  Plaintiff agrees that if he is asked about this settlement or Agreement, he shall state only that his dispute was resolved to the mutual satisfaction of the parties.

10. No provision of this Agreement shall be construed to prevent the filing of any document or to require the filing of any order or other document in this action under seal.

11. Plaintiff represents and warrants that he has not assigned to any other person, and that no such person is entitled to assert on his behalf, any Claims based on or arising out of his employment with or the separation of his employment from Voodoo.

12. Plaintiff affirms that the only consideration for his executing this Agreement is the promises expressly stated herein. Plaintiff represents and acknowledges that in executing this Agreement, he does not and has not relied upon any promise, inducement, representation, or statement made by any of the Released Parties or their agents, representatives, or attorneys about the subject matter, meaning, or effect of this Agreement that is not stated in this document. This document contains the entire agreement between Plaintiff and Voodoo and fully supersedes any and all prior agreements or understandings between them pertaining to the subject matter hereof. The terms of this document are contractual and are not a mere recital.

13. Plaintiff understands and agrees that he will not be entitled or permitted to, nor will he apply to be re-employed, rehired, or reinstated in the future by Voodoo or any of its subsidiaries, affiliated corporations, or operating divisions.

14. Plaintiff is advised to consult with an attorney before signing this Agreement. Plaintiff acknowledges that he has in fact been represented by an attorney in negotiating this Agreement and has been given twenty-one (21) days following the receipt of this Agreement to consider it. Plaintiff acknowledges he has obtained all advice and counsel he needs to understand each of the terms and conditions of this Agreement.

15. Plaintiff shall have the right to revoke his acceptance of this Agreement for seven (7) days after he signs it by sending a written notice of revocation to Thomas H. Christopher, Kilpatrick Townsend & Stockton LLP, Suite 2800, 1100 Peachtree Street NE, Atlanta, Georgia 30309 (email: tchristopher@kilpatricktownsend.com), by the end of the seventh day from the date he signs this Agreement. No rights or obligations contained in this Agreement shall become enforceable before the end of the seven-day revocation period or before the Court approves the settlement. Upon delivery of a timely notice of revocation, this Agreement will be

null and void, and none of the parties to this Agreement will have any rights or obligations under it. This Agreement shall become effective when the Court has approved this settlement or at the end of the seven-day revocation period (provided the Agreement has not been revoked by Plaintiff), whichever occurs later ("Effective Date"). Voodoo will take no actions under this Agreement prior to the Effective Date.

16. This Agreement shall be binding upon the parties and upon their next of kin, heirs, attorneys, representatives, administrators, executors, successors, and assigns and shall inure to the benefit of the Released Parties and each of them and to their heirs, attorneys, representatives, administrators, executors, successors, and assigns.

17. This Agreement is made and entered into in the State of Georgia and shall be interpreted, enforced, and governed under the laws of Georgia. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties.

18. If any provision of this Agreement, except for Paragraph 5, is declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected, but the illegal or invalid part, term, or provision shall be excluded from this Agreement.

19. This Agreement can be amended, modified or terminated only by a writing executed by both Plaintiff and Voodoo.

20. Plaintiff acknowledges that:

HE HAS READ THIS AGREEMENT, AND HE UNDERSTANDS ITS TERMS AND CONDITIONS.

HE HAS BEEN GIVEN TWENTY-ONE DAYS IN WHICH TO CONSIDER THIS AGREEMENT.

    HE HAS HAD THE OPPORTUNITY TO OBTAIN ALL ADVICE AND INFORMATION HE DEEMS NECESSARY ABOUT MATTERS RELATING TO THIS AGREEMENT.

    HE HAS CONSULTED WITH AN ATTORNEY BEFORE EXECUTING THIS AGREEMENT.

    HE HAS NOT BEEN COERCED INTO SIGNING THIS AGREEMENT, AND HE VOLUNTARILY AGREES TO ABIDE BY ITS TERMS BECAUSE THEY ARE SATISFACTORY TO HIM.

    NO PROMISE OR INDUCEMENT OF ANY KIND HAS BEEN MADE TO HIM BY VOODOO OR ANYONE ELSE TO CAUSE HIM TO SIGN THIS AGREEMENT, EXCEPT AS SET FORTH ABOVE.

    THE PAYMENTS THAT HE WILL RECEIVE AS A RESULT OF SIGNING THIS AGREEMENT ARE ADEQUATE AND ARE THE ONLY CONSIDERATION FOR THIS AGREEMENT.

**[Remainder of page intentionally left blank.  Signatures appear on following page.]**

IN WITNESS WHEREOF, ENRIQUE MIRA MIRELES AND VOODOO, INC. have caused this Confidential Settlement and Release Agreement to be executed as of the dates indicated below.

_____
Enrique Mira Mireles

Date: 05/08/17

Signed and sworn to before me, this ____ day of May

_____
Notary Public
My Commission Expires:

VOODOO, INC.

By: _____

Name: _____

Title: _____

Date: _____

IN WITNESS WHEREOF, ENRIQUE MIRA MIRELES AND VOODOO, INC. have caused this Confidential Settlement and Release Agreement to be executed as of the dates indicated below.

| | |
|---|---|
| _____ <br> Enrique Mira Mireles | Signed and sworn to before me, this \_\_\_\_\_ day of _____, 2017. |
| Date: _____ | _____ <br> Notary Public <br> My Commission Expires: |

VOODOO, INC.

By: *[signature]*

Name: REID ZIESING

Title: _____

Date: 5/5/17